**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

CRAYTONIA BADGER                                                                                                   PETITIONER
ADC #162710

v.                                              2:19-cv-00089-DPM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Petitioner Craytonia Badger, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"), brings this 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus. (Doc. No. 1.) Mr. Badger is currently serving a sixty-year sentence on third-degree escape, first-degree criminal mischief, and breaking or entering convictions. (Doc. No. 13-2 at 284-87.) In his Petition for Writ of Habeas Corpus, he alleges his incarceration is unlawful because the ADC refuses to run his sentence concurrently to two previously imposed sentences, as required by Arkansas law. (Doc. No. 1 at 6-12.) After careful consideration of Mr. Badger's Petition and Brief in Support (Doc. No. 15), the Response (Doc. No. 13), and the Reply (Doc. No. 14), I recommend the Petition be dismissed with prejudice.

### II. FACTS

---

[1] Mr. Badger's Petition purports to be pursuant to 28 U.S.C. § 2241. However, where a habeas petitioner is in custody pursuant to a state court judgment, he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *see also Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (section 2254 is "the only means by which 'a person in custody pursuant to the judgment of a State Court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence"). Accordingly, Mr. Badger's Petition has been construed as being pursuant to § 2254.

In December 2015, Mr. Badger was detained in the Columbia County Detention Center, awaiting trial on two cases in Columbia County Circuit Court, 2015-126 and 2015-177. He escaped on December 7, 2015, and was apprehended the next day.  (Doc. No. 13-2 at 27-28.)  On February 1, 2016, he was charged in Columbia County Circuit Court, case number 2016-7, with third-degree escape, first-degree criminal mischief, breaking or entering, and commercial burglary. (*Id*. at 24-26.)  In the meantime, on December 17, 2015, Mr. Badger pleaded guilty to the charges at issue in 2015-126 and 2015-177 and was sentenced to an aggregate term of fifteen years' imprisonment.  (*Id*. at 779-81, 783-85.)  He was transported to the ADC on January 11, 2016, to begin serving that sentence.  (Doc. No. 13-3 at 2.)

On February 24, 2016, Mr. Badger was indicted in the United States District Court for the Northern District of Mississippi.[2]  *United States v. Badger*, 1:16CR00014-SA-DAS (N.D. Miss.), Doc. No. 1.  On March 25, 2016, pursuant to a writ of habeas corpus ad prosequendum, he was transported from the ADC to federal custody to await trial.  (Doc. No. 13-3 at 9.)  Mr. Badger ultimately pleaded guilty to one count of the indictment and was sentenced on January 25, 2017, to a term of sixty-three months in the Federal Bureau of Prisons.  *U.S. v. Badger*, Doc. No. 52. The sentence was ordered "to run consecutively to any undischarged term of imprisonment in Columbia County, Arkansas, Circuit Court Case No. 2015-177."  *Id*. at 2.  On January 27, 2017, Mr. Badger was transported back to the ADC.  (Doc. No. 13-3 at 8.)

On July 13, 2017, Mr. Badger was transported to Amite County, Mississippi, pursuant to a Governor's Warrant, to face charges there.[3]  (Doc. No. 13-3 at 6; Doc. No. 13-4.)  On July 26, 2017, the Circuit Court of Amite County entered a judgment finding Mr. Badger guilty and

---

[2] The charged conduct took place in 2013 and 2014.
[3] These charges stemmed from 2015; Mr. Badger had been released on bond when he allegedly fled to Arkansas.  (Doc. No. 13-4 at 5.)

3

sentencing him to a term of seven years in the Mississippi Department of Corrections. (Doc. No. 13-2 at 794-95.) The sentence was ordered "to run CONSECUTIVE to any sentence the defendant [was] already serving." (*Id.* at 794.) On February 2, 2018, Mr. Badger was transported back to the ADC. (Doc. No. 13-3 at 6.)

On February 22, 2018, Mr. Badger was released on parole and transferred to the custody of the Columbia County Detention Center to await trial on the charges in case number 2016-7. (Doc. No. 1 at 21, 29; Doc. No. 13-9 at 4.) On November 29, 2018, he was found guilty of third-degree escape, first-degree criminal mischief, and breaking or entering, and was sentenced to terms of thirty years, fifteen years, and fifteen years, respectively. (Doc. No. 13-2 at 284-87.) These sentences were ordered to run consecutively to one another, for an aggregate term of sixty years' imprisonment. (*Id.*) The Arkansas Court of Appeals affirmed on October 30, 2019. *Badger v. State*, 2019 Ark. App. 490, ___ S.W.3d ___.

## III. ANALYSIS

Mr. Badger does not challenge the legality or constitutionality of his convictions. Instead, he alleges the ADC is illegally incarcerating him and prolonging his prison term by refusing to run his sentence in case number 2016-7 concurrently to his previously imposed Northern District of Mississippi and Amite County sentences. (Doc. No. 1 at 6.) He relies on Arkansas Code Annotated section 5-4-403(b), which provides as follows:

> When a sentence of imprisonment is imposed on a defendant who has previously been sentenced to imprisonment, whether by a court of this state, a court of another state, or a federal court, the subsequent sentence shall run concurrently with any undischarged portion of the previous sentence unless, upon recommendation of the jury or the court's own motion, the court imposing the subsequent sentence orders it to run consecutively with the previous sentence.

Mr. Badger argues that because the Columbia County Circuit Court did not order his sentence in 2016-7 to run consecutively with his previously imposed sentences, the ADC is required to run

4

them concurrently. (Doc. No. 1 at 9.) For relief, he asks the court to order the ADC to apply section 5-4-403(b) and immediately release him to the custody of the Mississippi Department of Corrections. (*Id.* at 7.)

Even if Mr. Badger is correct that section 5-4-403(b) applies here and is binding on the other jurisdictions involved, there is nothing in the record indicating the ADC is refusing to run his sentences concurrently. Mr. Badger points to his ADC time card, but both the time card and his pen pack are silent on the federal and Mississippi sentences. (Doc. No. 1 at 19; Doc. No. 13-3.) The confusion may stem from the ADC's representations to Mr. Badger that the Mississippi Department of Corrections declined to take custody of him when he was first paroled from the ADC and that he will serve the Mississippi sentence after he serves his "Arkansas time." (Doc. No. 1 at 23, 26, 29, 42, 44, 48.) Presumably, the ADC means Mr. Badger will serve his Mississippi sentence after serving his Arkansas sentence if there is any time remaining on the Mississippi sentence. To the extent Mr. Badger's Mississippi or federal sentence is miscalculated, this habeas action is not the proper vehicle for relief. *See Hendrix v. Norris*, 81 F.3d 805, 808 (8th Cir. 1996) ("The problem with Hendrix's sentences, if a problem indeed exists, lies with his federal sentence."); *see also Fegans v. United States*, 506 F.3d 1101 (8th Cir. 2007) (citing *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)) (explaining procedure for determining concurrency of a previously imposed federal sentence when subsequently imposed state sentence is served first).

Mr. Badger is mistaken in his belief that section 5-4-403(b) requires the ADC to "give up custody of [him] to either the federal or Mississippi authorities." (Doc. No. 1 at 10.) The statute is silent on this issue; it requires only that a subsequently imposed Arkansas sentence be served concurrently with a previously imposed sentence unless the subsequent sentence is ordered to run consecutively. Moreover, as Respondent points out, there is no due process right to incarceration

within a particular state. "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Mr. Badger also asserts the ADC breached an agreement with the State of Mississippi when he was first paroled from the ADC in February 2018. (Doc. No. 1 at 6, 12.) He alleges the ADC failed to transport him to Mississippi to begin serving his sentence there, per the agreement, and instead transported him to the custody of Columbia County to face charges in case number 2016-7. (*Id*.) However, the record shows the Mississippi Department of Corrections declined to take custody of Mr. Badger when he was paroled. (*Id*. at 23.) Although Mr. Badger claims to have evidence showing otherwise, the email he points to does not say what he claims it does. (*Id*. at 17.) Furthermore, Mr. Badger does not allege that his current custody – which resulted from his convictions in case number 2016-7 – is illegal or unconstitutional pursuant to § 2254. He claims only that the alleged breach of the agreement violated his due process rights. (*Id*. at 12.) But as previously stated, Mr. Badger has no due process right to incarceration within the State of Mississippi. *Olim*, 461 U.S. at 245.

Mr. Badger has not shown he is in custody in violation of the Constitution or laws or treaties of the United States, as required by § 2254. Therefore, I recommend his Petition for Writ of Habeas Corpus be dismissed with prejudice.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

I find no issue on which Mr. Badger has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

**V.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Badger's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 27th day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE